UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------- X

A.D.,

                                                        Plaintiff,

                    -against-

DEPARTMENT OF CORRECTIONS and COMMUNITY
SUPERVISION ("DOCCS"), CORRECTIONS OFFICER
RALPH ROHL, CORRECTIONS OFFICER CHRISTOPHER
BARDO, CORRECTIONS OFFICER DAVID DEGRAFF,
CORRECTIONS OFFICER ROBERT JOE HAMMOND,
CORRECTIONS OFFICER JOHN DOE #1, DOCCS ACTING
COMMISSIONER ANTHONY ANNUCCI, and DOCCS CHIEF
OF INVESTIGATIONS OFFICE OF SPECIAL INVESTIGATIONS
STEVEN MAHER; INDIVIDUAL DEFENDANTS SUED IN
THEIR OFFICIAL and INDIVIDUAL CAPACITIES,

                                                        Defendants.
------------------------------------------------------------------------------------- X

**VERIFIED
COMPLAINT**

**JURY TRIAL
DEMANDED**

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of

Plaintiff's rights secured by 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Eighth, and

Fourteenth Amendments to the United States Constitution, and the laws of the State of New

York.  Plaintiff's claims arise from an incident that arose on or about August 6, 2018 through

September 11, 2018.  During the incident, the Defendants, subjected Plaintiff to, *inter alia*;

excessive force, failure to intervene, deliberate indifference, assault, battery, cruel and unusual

punishment, and allowing a culture to flourish at Greenhaven Correctional Facility where

physical abuse was tolerated. Plaintiff seeks compensatory and punitive damages, declaratory

relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and

further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. § 1331 and §1343.

3. Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Dutchess County, and the Defendants are subject to personal jurisdiction in the Southern District of New York.

## PARTIES

4. Plaintiff, A.D., was an inmate at Greenhaven Correctional Facility a New York State (NYS) Department of Corrections and Community Supervision (DOCCS) Facility at the time of the incidents.

5. Defendant Ralph Rohl, was a New York State Corrections Officer at Greenhaven Correctional Facility, who violated Plaintiff's rights as described herein.

6. Defendant Christopher Bardo, was a New York State Corrections Officer at Greenhaven Correctional Facility, who violated Plaintiff's rights as described herein.

7. Defendant David Degraff, was a New York State Corrections Officer at Greenhaven Correctional Facility, who violated Plaintiff's rights as described herein.

8. Defendant Robert Joe Hammond, was a New York State Corrections Officer at Greenhaven Correctional Facility, who violated Plaintiff's rights as described herein.

9. Defendant John Doe #1, was a New York State Corrections Officer at Greenhaven Correctional Facility, who violated Plaintiff's rights as described herein.

10. Defendant Anthony J. Annucci is the Acting Commissioner of DOCCS. He is responsible for the care, custody, and control of all inmates housed in DOCCS facilities. He is the chief executive officer of DOCCS and is responsible, consistent with the legal mandates

2

governing DOCCS, for the management and control of all state prisons, and for all matters relating to the placement, supervision, promotion, and discipline of the uniformed staff of the prisons is responsible, along with other Defendants, for the system of complaint, investigations, and discipline of staff misconduct, including sexual harassment and abuse, and for setting the standards by which such complaints are reviewed to determine the actions, if any, to be taken against staff. He is responsible for the policies and practices that have resulted in the deprivation of Plaintiffs' rights under federal law, and he has failed to take necessary and appropriate actions to prevent such deprivations. He violated Plaintiff's rights as described herein.

11.     Defendant Steven Maher is Chief of Investigations for the DOCCS Office of Special Investigations ("OSI," previously known as the Office of the Inspector General or "IG"). He is responsible for the investigation of complaints of criminal misconduct or violations of Departmental rules by DOCCS employees, including complaints of sexual harassment and abuse; for determining the standards by which such complaints are assessed; for reviewing all investigations of such complaints; for determining whether such complaints are substantiated; and for recommending whether or not responsive action be taken, including referrals to the Bureau of Labor Relations ("BLR") for disciplinary action against staff and referrals of allegations of criminal misconduct to law enforcement officials.  He is responsible for the policies and practices that have resulted in the deprivation of Plaintiffs' rights under federal law, and he has failed to take necessary and appropriate actions to prevent such deprivations. He violated Plaintiff's rights as described herein.

12.     The individual Defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

13.     Beginning on or about July 2018, when Plaintiff was an inmate at Greenhaven Correctional Facility, claimant was subjected to a continual pattern of illicit strip-searches searches

3

and excessive force by New York State Correctional Guard Ralph Rohl ("Rohl") who referred to Plaintiff as the "Jail Jew" and "Rape-o" in front of other inmates.

14.    In or around August 6, 2018, Defendant Rohl inappropriately touched Plaintiff's genitals and buttocks during a body search.

15.    Plaintiff filed a Prisoner Rape Elimination Act (PREA) grievance against Rohl regarding this incident but nothing was done to limit Rohls contact with the Plaintiff or to investigate the sexual abuse claim.

16.    On September 11, 2018, at or about 12:00pm, Plaintiff, still an inmate at Greenhaven Correctional Facility, was escorted to a dental appointment by Defendants Bardo, Degraff, Hammond and John Doe.

17.    On the way to the dentist said four correctional guards threatened claimant in regard to the grievance claimant previously filed against Defendant Rohl.  Said officers went into the dental visit with claimant.

18.    During the dental visit, claimant was informed that his tooth would have to be removed, to which the accompanying Defendants tapped their night sticks against the wall and suggested they would knock Plaintiff's tooth out.

19.    On the way back from said dental appointment, the Defendant's pulled Plaintiff to a vacant hallway and again confronted Plaintiff. The Defendants threatened Plaintiff and began punching and hitting claimant about the head and body.

20.    Plaintiff was then turned against the wall and his pants were pulled down.

21.    Defendant Hammond then took an object out of his pocket and repeatedly stabbed claimant in the buttocks and anus.

22.    After the incident, the Defendants told Plaintiff to 'hold it down' and not seek medical attention.

23.     Upon getting to his cell, Plaintiff collapsed, and a nurse came over to assist claimant.

24.     The nurse urged Plaintiff to get medical attention, but he was afraid to because the guards directed him not to.

25.     Once in his cell, Plaintiff noticed blood running down his leg and through his underwear.

26.     Plaintiff sought medical attention and was brought to Mid-Hudson General Hospital.

27.     At the hospital, doctors administered a rape-kit and claimant was interviewed by the New York State Police and representatives of the New York State Department of Investigations.  New York State police took Plaintiff's bloody underwear for safekeeping.

28.     Plaintiff was returned to custody on September 13th and was placed on camera-watch.

29.     On or about September 16, 2018 due to the emotional harm from the above-mentioned sexual assault, Plaintiff attempted suicide by hanging himself by a bedsheet.

30.     Plaintiff was transferred for psychiatric observation.

31.     Thereafter, claimant was transferred to Great Meadow Correctional Facility for his safety.

32.     Upon information and belief, the aforesaid events are not an isolated incident. Defendants Anthony Annucci and Steven Maher have had notice of the substantial risk of abuse that prisoners face in DOCCS custody through data, statistics, reports and, more specifically, through prior and present litigation against the State of New York involving abuse allegations, including Plaintiffs' PREA complaint.

33.     Moreover, at all times Defendants Anthony Annucci, Steven Maher, and or agents and employees, negligently, carelessly, and recklessly, supervised, controlled, managed, maintained, inspected, and trained Defendants Rohl, Hammond, Degraff, Bardo and John Doe.

34.     At all times Defendants Anthony Annucci , Steven Maher and or agents and employees, caused, permitted, and allowed Rohl, Hammond, Degraff, Bardo and John Doe to act in an illegal, unprofessional, and/or deliberate manner in carrying out his official duties and/or responsibilities.

35.     At all times Defendants Anthony Annucci, Steven Maher; and or agents and employees, negligently, carelessly, and recklessly retained in its employ, Rohl, Hammond, Degraff, Bardo and John Doe who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out his official duties and/or responsibilities.

36.     The occurrence(s) and injuries sustained by Plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of the Defendants as set forth above, without provocation on the part of the Plaintiff contributing thereto, specifically, the reckless manner in which Defendants Anthony Annucci and Steven Maher hired, trained, supervised, controlled, managed, maintained, inspected, and retained Rohl, Hammond, Degraff, Bardo and John Doe

37.     The individual Defendants acted in concert committing the above-described illegal acts toward Plaintiff.

38.     The Defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said Defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of their rights.

39.    As a direct and proximate result of Defendants' actions, Plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FIRST CAUSE OF ACTION
### FIRST AMENDMENT – RETALIATION
### (Against All Defendants)

40.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41.    Plaintiff exercised free speech during the incident by, among other things, reporting the first instance of sexual assault.

42.    Plaintiff's use of free speech was a motivating factor in Defendant Rohl causing Plaintiff to be assaulted by Defendant Correctional Officers at Greenhaven Correctional Facility.

43.    The Defendants, acting under the pretense and color of law, permitted, tolerated, implemented, and were deliberately indifferent to a pattern and practice of abuse at Greenhaven Correctional Facility, which included brutal physical and sexual attacks on incarcerated individuals and the continuation of such abuse in retaliation when an individual exercises free speech by reporting the misconduct.

44.    Despite this knowledge, the Defendants consciously permitted the continuance of the pattern, practice, and custom of retaliating for exercising free speech.

45.    The Defendants' failure to take measures to curb this pattern of retaliation constitutes acquiescence in the known unlawful behavior and deliberate indifference to the rights and safety of the Plaintiff.

46.    The above conduct was affirmatively linked to the deprivation of Plaintiff's rights and was a substantial factor in the continuation of such abuse and a proximate cause of the constitutional violations alleged herein.

47.    The Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment. Said acts by the individual Defendants were without the authority of law and in the abuse of their powers, and said individual Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the First Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – FOURTH AMENDMENT – EXCESSIVE FORCE**
**(Against All Defendants)**

48.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49.    Defendant Rohl, by the above, and by using excessive force when he sexually assaulted Plaintiff during an illicit body search through inappropriately touching his genitals and buttocks on or about August 6, 2018, Defendant Rohl deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to him in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

50.    Defendants Bardo, Degraff, Hammond and John Doe, by the above, and by using excessive force when they punched, hit, and kicked the Plaintiff on or about September 11, 2018, the individual Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to him in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

51.    Defendants Bardo, Degraff, Hammond and John Doe, by the above, and by using excessive force when they sexually assaulted Plaintiff during the above brutality, turned Plaintiff against the wall and pulled his pants down. Defendant Hammond then took an object out of his pocket and repeatedly and viciously stabbed Plaintiff in the anus and buttocks with said object. The individual Defendants deprived Plaintiff of rights, remedies, privileges, and immunities

8

guaranteed to him in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution.

52.     The Defendants, acting under the pretense and color of law, permitted, tolerated, implemented, and were deliberately indifferent to a pattern and practice of abuse at Greenhaven, which included brutal physical and sexual attacks on incarcerated individuals.

53.     Despite this knowledge, the Defendants consciously permitted the continuance of the pattern, practice, and custom of severe physical and emotional abuse.

54.     The Defendants' failure to take measures to curb this pattern of abuse and neglect constituted acquiescence in the known unlawful behavior and deliberate indifference to the rights and safety of the Plaintiff.

55.     The above conduct was affirmatively linked to the deprivation of Plaintiff's rights and was a substantial factor in the continuation of such abuse and a proximate cause of the constitutional violations alleged herein.

56.     The individual Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment. Said acts by the individual Defendants were without the authority of law and in the abuse of their powers, and said individual Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United States Constitution.

57.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages herein before alleged.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - EIGHTH AND FOURTEENTH AMENDMENTS
#### (Against All Defendants)

58.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59.    The Defendants exercised cruel and unusual punishment by sexually assaulting Plaintiff on multiple occasions and allowing Plaintiff to be sexually assaulted.

60.    The Defendants exercised cruel and unusual punishment by brutally beating the Plaintiff.

61.    The Defendants exercised cruel and unusual punishment by using sexual and physical assault as a means of retaliation.

62.    The Defendants exercised cruel and unusual punishment by forcing Plaintiff to refuse medical attention.

63.    The Defendants exercised cruel and unusual punishment by sexually and physically assaulting Plaintiff because of his religion.

64.    Before, during, and after the numerous violations of Plaintiff's constitutional rights, the Defendants were aware of the substantial psychological and physical harm caused by sexual and physical assaults, particularly among vulnerable individuals such as Plaintiff who have attempted suicide and are under psychiatric observation.

65.    At all times, Defendants acted with deliberate indifference and reckless disregard for violation of Plaintiff's constitutional rights and in ignoring the risk of harm to the Plaintiff.

66.    Plaintiff's conditions of confinement caused him daily mental anguish and physical pain, and has exposed him to an unduly high risk of psychological harm that has resulted in two attempted suicides thus far.

67.    At all times, Plaintiff's conditions of confinement did not serve any penological justification and thus resulted in unnecessary and wanton infliction of pain and suffering.

68. The Defendants intruded the Plaintiff's body on multiple occasions for reasons unrelated to any official function or purpose.

69. The Defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury to Plaintiff that shocks the conscience.

70. The aforesaid instances of abuse, individually and collectively, amounted to conditions of confinement that are cruel and unusual.

71. The Defendants, acting under the pretense and color of law, permitted, tolerated, implemented, and were deliberately indifferent to a pattern and practice of abuse at Greenhaven and Great Meadow, which included brutal physical and sexual attacks on incarcerated individuals.

72. Despite this knowledge, the Defendants consciously permitted the continuance of the pattern, practice, and custom of severe physical and emotional abuse.

73. The Defendants' failure to take measures to curb this pattern of abuse and neglect constituted acquiescence in the known unlawful behavior and deliberate indifference to the rights and safety of the Plaintiff.

74. The above conduct was affirmatively linked to the deprivation of Plaintiff's rights and was a substantial factor in the continuation of such abuse and a proximate cause of the constitutional violations alleged herein.

75. The individual Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment. Said acts by the individual Defendants were without the authority of law and in the abuse of their powers, and said individual Defendants acted willfully, knowingly, and with the specific intent to deprive

11

Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendment to the United States Constitution.

76.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages herein before alleged.

## FITH CAUSE OF ACTION
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT

77.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78.     Acting under color of state law, Defendants intentionally discriminated against Plaintiff in a religion-based manner.

79.     Defendants have acquiesced in and ratified violations of the constitutional rights of citizens, including Plaintiff, because of religion.

80.     Defendants violated Plaintiff's liberty without due process and deprived Plaintiff of equal protection under the law.

81.     Plaintiff sustained the damages herein alleged as a direct and proximate result of the aforesaid violations of Plaintiff's right to liberty, due process and equal protection of the laws under the Fourteenth Amendment and 42 U.S.C. § 1983.

## SIXTH CAUSE OF ACTION
## DENIAL OF MEDICAL CARE

82.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

83.     Defendants owed a duty of care to Plaintiff.

84.     The Defendants breached that duty of care by unreasonably denying Plaintiff medical care on multiple occasions.

12

85.    The Defendants, acting under the pretense and color of law, implemented, permitted, tolerated, and were deliberately indifferent to a pattern and practice of abuse and neglect at Greenhaven, which included denying medical care to individuals, such as Plaintiff, who suffered physical and emotional injuries because of unlawful conduct by DOCCS employees, including the individually named Defendants.

86.    Despite this knowledge, the Defendants consciously permitted the continuance of the pattern and practice of depriving incarcerated individuals, including Plaintiff, adequate medical care. The failure to take measures to curb this pattern of abuse and neglect constituted acquiescence in the known unlawful behavior of subordinates and deliberate indifference to the rights and safety of the Plaintiff.

87.    The Defendants were deliberately indifferent to Plaintiff's serious medical needs after each instance of physical assault and sexual abuse.

88.    The Defendants committed the foregoing acts intentionally, willfully, wantonly, maliciously, and/or with such reckless disregard of consequences as to reveal a conscious indifference to the clear risk of serious injury to Plaintiff that shocks the conscience.

89.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1983 – FAILURE TO INTERVENE

90.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

91.    By their conduct and acting under color of law, the individual Defendants each had opportunities to intercede on behalf of Plaintiff to prevent the constitutional violations alleged herein but due to their intentional conduct or deliberate indifference, declined or refused to do so.

92.     In committing the acts and omissions complained of herein, the individual

Defendants breached their affirmative duty to intervene to protect the constitutional rights of the

Plaintiff from infringement by individual Defendants in their presence.

93.     By reason of the above, Plaintiff has suffered severe physical and psychological

injuries complained of herein.

## EIGHTH CAUSE OF ACTION
## INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

94.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were

fully set forth at length herein.

95.     The individual Defendant Officers intentionally, knowingly, maliciously and

unlawfully used excessive force against Plaintiff, discriminated against him because of his

religion, retaliated against him for exercising his right to free speech, sexually and physically

assaulted Plaintiff multiple times, denied him medical care multiple times, failed to intervene on

his behalf, and subjected him to conditions of confinement that are cruel and unusual. This

conduct was extreme and outrageous.

96.     As a result of the individual Defendants' actions, Plaintiff has suffered, and

continues to suffer, extreme and severe emotional distress.

97.     The individual Defendants knew that such distress was substantially certain to

result from their conduct, or at a minimum, their conduct was done in disregard of a substantial

probability of causing severe emotional distress.

98.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, SUPERVISION, DISICPLINE, and RETENTION OF EMPLOYMENT SERVICES

99.   Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

100.   DOCCS owed a duty of care to Plaintiff to prevent the physical and emotional abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff would probably result from this conduct.

101.   Upon information and belief, DOCCS and their servants, agents, and/or employees controlled and supervised Greenhaven Correctional Facility.

102.   At all times hereinafter alleged and upon information and belief, DOCCS failed to properly keep Greenhaven in a reasonably safe condition by allowing the implementation and continuation of unconstitutional polices, practices, and customs.

103.   Upon information and belief, the individual Defendants were unfit and incompetent for their positions.

104.   Upon information and belief, DOCCS knew or should have known through the exercise of reasonable diligence that the individual Defendants were unfit and incompetent for their positions.

105.   Defendants, DOCCS, is liable to Plaintiff because the injuries sustained were caused solely by, and as a result of, the intentional, malicious, reckless deliberately indifferent, and/or negligent conduct of Defendants, its agents, servants, and/or employees, including the individually named Defendants.

15

106.    Upon information and belief, DOCCS's negligence in hiring, training, disciplining, and retaining the individual Defendants caused Plaintiff's severe physical and emotional injuries.

## TENTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR

107.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

108.    At all times herein, the individual Defendants were employed by DOCCS.

109.    The individual Defendants were acting within the scope of their employment as DOCCS employees when they committed the above described acts against Plaintiff.

110.    DOCCS, as the employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

111.    The aforesaid conduct by the Defendants violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and New York State law.

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly and severally:

a.      Compensatory damages in an amount to be determined at trial;

b.      Punitive damages to the extent allowable by law;

c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      New York, New York
            January 14, 2019

                                    Sara L. AbiBoutros, Esq.

16

Liakas Law, P.C.
65 Broadway, 13th Floor
New York, NY 10006
(212) 937-7765