UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X    **19-cv-361**
A.D.,

                                         Plaintiff,    **PLAINTIFF'S**
          -against-    **SECOND**
    **AMENDED**
CORRECTIONS OFFICER RALPH ROHL, CORRECTIONS    **COMPLAINT &**
OFFICER CHRISTOPHER BARTO, CORRECTIONS OFFICER    **JURY DEMAND**
DAVID DEGRAFF, CORRECTIONS OFFICER ROBERT
JOHANEMAN, CORRECTIONS OFFICER FRANK POLITO,
                              Defendants.
------------------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Eighth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.      The claims arise from a series of related incidents occurring from August 6, 2018 through September 11, 2018, in which Officers of the new York State Department of Corrections and Community Supervision ("DOCCS"), acting under color of state law, intentionally and willfully subjected plaintiff to excessive force, cruel and unusual punishment, failure to intervene and deliberate indifference to the violations of plaintiff's rights.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

4.      This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. § 1331 and §1343.

5.      Venue is laid within the United States District Court for the Southern District of New York in that Defendants are located within, and the events occurred within, the boundaries of the Southern District of New York.

## PARTIES

6.      Plaintiff, is identified herein as "A.D." to protect his confidentiality in light of the sensitive private nature of the action. After proper joinder of the defendants herein Plaintiff will seek a Court order allowing him to proceed in the action without publicly revealing his identity.

7.      At the time of the incidents described herein, Plaintiff was an inmate at Greenhaven Correctional Facility a DOCCS Facility.

8.      Defendants Ralph Rohl, Christopher Barto, David Degraff, and Robert Johaneman and Frank Polito were employees of DOCCS on the dates described herein, and were acting in the capacities of agents, servants, and employees of the State, within the scope of their employment, and acting under color of state law.  The defendants were working as Correction Officers at the Green Haven Correctional Facility at the time of the incidents alleged in this Complaint.  The defendants participated in, or witnessed and failed to intervene in, the assault of Plaintiff, and are sued in their individual capacities.

## STATEMENT OF FACTS

9.      Beginning in or about July 2018, when Plaintiff was an inmate at Greenhaven Correctional Facility, Plaintiff was subjected to a continual pattern of illicit strip-searches searches and excessive force by New York State Correctional Sergeant Ralph Rohl.

10.     Plaintiff filed multiple grievances regarding Rohl's interference with Plaintiff's ability to obtain kosher meals as required by his religion.

11.     Sgt. Rohl accused Plaintiff of being a "fake Jew" or a "Jail Jew" and on multiple occasions made it impossible for Plaintiff to obtain his kosher meals, prompting Plaintiff's grievances.

12.     On or around August 8, 2018, Defendant Rohl confronted Plaintiff regarding his grievances.

13.     Defendant Rohl threatened Plaintiff with retaliation for Plaintiff's grievances on or about August 8, 2018.

14.     Defendant Rohl conducted an intrusive and unnecessary search of Plaintiff's person during that confrontation.

15.     During the search of Plaintiff, Defendant Rohl touched Plaintiff inappropriately in/on his genitals.

16.     Plaintiff filed a Prisoner Rape Elimination Act (PREA) grievance against Rohl regarding this incident.

17.     On September 11, 2018, at or about 12:00pm, Plaintiff, still an inmate at Greenhaven Correctional Facility, was escorted to a dental appointment by Defendants Barto, Degraff, Johaneman and Polito.

18.     On the way to the dental appointment Defendants Barto, Degraff, Johaneman and Polito threatened Plaintiff regarding the grievance Plaintiff previously filed against Defendant Rohl.

19.     Following the dental appointment, Defendants Barto, Degraff, Johaneman and Polito took Plaintiff to a vacant hallway and again confronted him.

20.     The Defendants threatened Plaintiff and began punching and hitting Plaintiff about the head and body.

21.     Plaintiff was then turned against the wall and his pants were pulled down.

22.     Defendants stabbed Plaintiff in the buttocks and anus with an unknown object.

23.     Defendants Barto, Degraff, Johaneman and Polito were present during the assault, and actively participated in the assault.

24.     Defendants Barto, Degraff, Johaneman and Polito observed the violation of Plaintiff's rights by their fellow officers, and were in position to protect him from the illegal assault, but failed to take any actions to intervene in the violation of Plaintiff's rights.

25.     Upon information and believe, Defendant Rohl instigated the assault against the Plaintiff as retaliation for the previous reports and/or out of personal animus.

26.     Upon information and belief, Defendant Rohl was aware of the other defendants' intent to assault Plaintiff on or about September 11, 2018, participated in the planning of the act before that date, and conspired with fellow defendants to facilitate the assault and to attempt to evade responsibility for the incident after the fact.

27.     After the incident, the Defendants told Plaintiff to 'hold it down' and not seek medical attention.

28.     Upon getting to his cell, Plaintiff collapsed, and a nurse came to assess him.

29.     In his cell, Plaintiff was bleeding from his anus.

30.     Plaintiff was brought to Mid-Hudson General Hospital for medical treatment.

31.     At the hospital, doctors administered a rape-kit and Plaintiff was interviewed by the New York State Police and representatives of the New York State Department of Investigations.

32.     New York State police took Plaintiff's bloody underwear for safekeeping.

33.     Plaintiff was returned to custody on September 13th and was placed on camera-watch.

34.     On or about September 16, 2018 due to the emotional harm from the above-mentioned sexual assault, Plaintiff attempted suicide by hanging himself by a bedsheet.

35.     Plaintiff was transferred for psychiatric observation.

36.     Thereafter, Plaintiff was transferred to Great Meadow Correctional Facility for his safety.

37.     During the events described above, the defendants were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

38.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

39.     As a direct and proximate result of the acts of the defendants, Plaintiff suffered the following injuries and damages:

   a.     Violation of his right under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment;

   b.     Physical pain and suffering;

   c.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and anxiety.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – Excessive Force)
As to Defendants Barto, Degraff, Johaneman and Polito on September 11, 2018

40.     The above paragraphs are here incorporated by reference.

41.     Defendants Barto, Degraff, Johaneman and Polito used excessive force against Plaintiff on September 11, 2018.

42.     By physically assaulting Plaintiff without provocation and with no penological

purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct,

Defendants Barto, Degraff, Johaneman and Polito deprived Plaintiff of his rights, remedies,

privileges, and immunities guaranteed to every citizen of the United States, in violation of 42

U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth, and Fourteenth

Amendments to the United States Constitution.

43.     Defendants Barto, Degraff, Johaneman and Polito used excessive force on Plaintiff

in violation of his right to be free from cruel and unusual punishment.

44.     As a direct and proximate result of the misconduct and the abuse of authority

detailed above, Plaintiff sustained severe injuries.

**SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983 – First Amendment Retaliation)
As to All Defendants

45.     The above paragraphs are here incorporated by reference.

46.     By threatening and then physically assaulting Plaintiff in retaliation for his exercise

of protected speech, the defendants deprived Plaintiff of his rights, remedies, privileges, and

immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983,

including, but not limited to, rights guaranteed by the First Amendment to the United States

Constitution.

47.     When Plaintiff reported the abuses of Defendant Rohl he was engaging in speech

which is protected by the First Amendment to the United States Constitution.

48.     Defendants intended to retaliate against Plaintiff's exercise of protected by speech.

49.     Defendants in fact did retaliate against Plaintiff's exercise of protected by speech

by threatening him and assaulting him.

50.     Plaintiff was damaged by defendants' retaliation.

**THIRD CAUSE OF ACTION**
(42 U.S.C. § 1983 – Failure to Intervene)
As to All Defendants on September 11, 2018

51.     The above paragraphs are here incorporated by reference.

52.     Defendants as Corrections Officers acting under color of law had a duty to protect Plaintiff from violations of his Constitutionally protected rights.

53.     Defendants were aware that Plaintiff's rights were being violated by their fellow officers, and had opportunity to intervene to protect Plaintiff from continued assault.

54.     Defendants Barto, Degraff, Johaneman and Polito were present and personally observed the unconstitutional use of force against Plaintiff by their fellow officers.

55.     Defendant Rohl instigated the assault against the Plaintiff, was aware of the other defendants' intent to assault Plaintiff on or about September 11, 2018, participated in the planning of the act before that date, and conspired with fellow defendants to facilitate the assault. He therefore knew of the impending use of unconstitutional force against Plaintiff by his fellow officers.

56.     Defendants failed in their duty to intervene to protect Plaintiff from violation of his rights.

57.     By failing to intervene to prevent one another's unlawful and unconstitutional conduct, the defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution.

**FOURTH CAUSE OF ACTION**
(42 U.S.C. § 1983, 1985, 1986 – Conspiracy)

58.     The above paragraphs are here incorporated by reference.

59.     The defendants engaged in a conspiracy to violate Plaintiff's rights.

60.     Defendants formed an agreement to threaten and assault Plaintiff in retaliation for

his exercise of protected speech.

61.     Defendants took actions in furtherance of their conspiracy by threatening and

assaulting Plaintiff.

62.     Plaintiff was harmed by Defendants' conspiracy to violate his rights.

### Jury Demand

63.     Plaintiff hereby demands trial by Jury at to each of the above causes of action.

**WHEREFORE**, Plaintiff demands the following relief against the Defendants, jointly

and severally:

A.     In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's

causes of action;

B.     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding Plaintiff reasonable attorneys' fees, costs and disbursements for this

action; and

D.     Granting such other and further relief as this Court deems just and proper.

DATED:          New York, New York
                May 14, 2021

Nicholas Mindicino, Esq.
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, NY 10006
(212) 937-7765